Lane, C. J.
It is a new element of limitation to corporate powers, and a novel inference deduced from the decision of the case of the Bank of Chillicothe v. Swayne, 8 Ohio, 257, that the trustees of townships can not administer to the wants of paupers, even to save life, except through the forms which regulate their ordinary official acts.
*But we are relieved from the necessity of adjudicating most of the points in this case by following previous decisions. In Howard v. Whetstone Township, 10 Ohio, 365, this court determined that a husband is liable for money expended for the support of his wife, as a pauper, under the common counts of assumpsit.
The only point in this case not covered by that decision, is, whether the trustees of townships in counties having a poor-house, can recover expenditures made by themselves, by suit.
Section 5 of the act for the relief of the poor, Swan’s Stat. 635, requires that the trustees of a township in a county having a poorhouse, finding a person ought to be relieved at public expense, shall issue an order for the directors of the poor-house to receive him.
The act establishing poor-houses, Swan’s Stat. 640, directs tho support of such pauper in the poor-house, and section 8 provides *93 for the payment of the expenses of the removal, and of the exjjenses immediately preceding; these are borne by the county.
But we can not regard the removal to the county poor-house as a condition precedent to a recovery from the person upon whom the burden of support ought to fall. The pauper may recover, or may die before a removal becomes practicable. Indeed, it appears to us that if the township trustees chose to waive its right to indemnity from the county, and look to those who ought equitably and ultimately to sustain the burden, there occurs to us no valid objection to the claim. It is rather advantageous than injurious to the debtor, because the amount is not enhanced by intermediate expenses. Judgment reversed.